UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Jerry C. Mitchell,
    Petitioner

        vs                         Case No. C-1-01-681
                                                  (Spiegel, J.; Hogan, M.J.)

Simon Leis,
    Respondent

---

**REPORT AND RECOMMENDATION**

---

      This matter is before the Court on petitioner's petition for habeas corpus relief filed through counsel pursuant to 28 U.S.C. § 2254 and respondent's return of writ. (Docs. 1, 6).

      On October 1, 1999, in the Hamilton County Court of Common Pleas, petitioner pled no contest to a charge of possession of a weapon while under disability as defined in Ohio Rev. Code § 2923.13 (A)(2). (Doc. 1 at 2; Doc. 6 at 2). The Court sentenced petitioner to sixty days home incarceration, two years of community control and ordered him to obtain alcohol counseling. (Doc. 6 at 2). On May 24, 2000, the Ohio Court of Appeals affirmed his conviction. (Doc. 6, attachment). The Court overruled petitioner's sole assignment of error challenging the trial court's denial of his motion to suppress, addressing the issue as follows:

> He [petitioner] points out that neither officer had a warrant to enter his apartment, and he claims that the warrantless seizure of the gun after his detention violated his Fourth Amendment rights. We disagree, as we

> conclude that Officer Egner properly seized the gun during what we analogize to a protective sweep of the apartment.

(*Id.*). On October 4, 2000, the Ohio Supreme Court declined jurisdiction to hear petitioner's appeal. (Doc. 6 at 2). On January 2, 2002, the state trial court terminated petitioner's community control nunc pro tunc to October 1, 2001. (Doc. 6 at 3, attachment).

On October 4, 2001, petitioner with the assistance of counsel filed his petition for a writ of habeas corpus, raising the following ground for relief which is quoted verbatim:

> Can a police officer, in absence of exigent circumstances, enter a private home without a warrant and seize evidence that the police officer can see from the outside of the house.

(Doc. 1 at 5). Respondent argues that this court lacks jurisdiction to hear petitioner's claim because petitioner is no longer "in custody" and moreover, petitioner's Fourth Amendment claim is not cognizable on habeas corpus review. (Doc. 6).

The federal habeas corpus statutes give the United States district courts jurisdiction to review habeas corpus petitions only from persons "*in custody*." 28 U.S.C. §§ 2254(a), 2255, 2241 (c) (emphasis added); *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). Petitioner is not incarcerated; nor is he subject to any severe and immediate restraint on his liberty, such as is found when a petitioner is released on parole, probation or bail, *see Maleng,* 490 U.S. at 491, and *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2nd Cir.) (citing *Hensley v. Municipal Court,* 411 U.S. 345, 351 (1973)), *cert. denied,* 519 U.S. 1041 (1996). He was released from community control on October 1, 2001, three days before the petition for habeas corpus relief was filed by his counsel. Therefore, the Court lacks jurisdiction under the federal habeas corpus statutes to consider petitioner's claim.

Assuming, *arguendo*, the jurisdictional requirement of custody had been met, this Court, nevertheless, could not grant petitioner relief because the claim he raises is not cognizable on habeas corpus review. The scope of review of alleged Fourth Amendment violations in federal habeas corpus proceedings is extremely narrow. "[W]here the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on

the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted). To determine whether a petitioner was afforded a full and fair opportunity in the state courts to litigate his Fourth Amendment claim, a federal habeas corpus court must make two distinct inquiries: (1) whether the State has provided a procedural mechanism through which, in the abstract, petitioner could raise a Fourth Amendment claim; and (2) whether petitioner's presentation of the claim was in fact frustrated because of a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir.), *cert. denied*, 459 U.S. 948 (1982). Ohio provides an adequate procedural mechanism for the litigation of Fourth Amendment claims in the form of a pretrial motion to suppress pursuant to Ohio R. Crim P. 12, and a direct appeal as of right from an order denying a motion to suppress pursuant to Ohio R. App. P. 3 and 5. Therefore, under the first inquiry, Ohio's mechanism for the resolution of Fourth Amendment claims, in the abstract, presents the opportunity to raise such claims. *Id.*

Under the second inquiry, petitioner has not pointed to any impediment which frustrated the presentation of his Fourth Amendment claim in the Ohio courts. Indeed, it appears from the record presented that petitioner in fact was afforded a full and fair hearing of his claims in both the trial court and Ohio Court of Appeals. (Doc. 6, attachment).

Accordingly, the Court concludes that Ohio's procedural mechanism afforded petitioner with an opportunity to fully and fairly litigate his Fourth Amendment claim in the state courts. Therefore, petitioner may not relitigate the claim in this habeas corpus action. See *Powell*, 428 U.S. at 494-95; *see also Nabozny v. Marshall*, 781 F.2d 83, 84 (6th Cir.), *cert. denied*, 476 U.S. 1161 (1986); *cf. Gilbert v. Parke*, 763 F.2d 821, 823-24 (6th Cir. 1985).

In sum, the Court concludes: (1) it lacks jurisdiction to consider petitioner's claims for habeas corpus relief because petitioner has not met the "in custody" prerequisite for federal habeas corpus jurisdiction under 28 U.S.C. § 2254; and (2) petitioner's Fourth Amendment claim is not cognizable on habeas corpus review.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability not issue because, for the foregoing reasons, petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has shown that reasonable jurists could debate whether the claim alleged as ground one in the petition should have been resolved in a different manner or that the issue presented was "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  December 5, 2003               S/Timothy S. Hogan
       hr                            Timothy S. Hogan
                                     United States Magistrate Judge


J:\ROSENBEH\2254(2003)\01-681.wpd

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Jerry C. Mitchell,
    Petitioner

        vs                              Case No. C-1-01-681
                                          (Spiegel, J.; Hogan, M.J.)

Simon Leis,
    Respondent

## NOTICE

    Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).