UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JERRY C. MITCHELL, | : | NO. 1:01-CV-00681 |
| Petitioner, | : | |
| | : | **ORDER** |
| v. | : | |
| SIMON LEIS, | : | |
| Respondent. | : | |

This matter is before the Court on the Magistrate Judge's December 8, 2003, Report and Recommendation (doc. 7). No Objection has been filed.

Petitioner Jerry C. Mitchell filed his Petition for Writ of Habeas Corpus on October 4, 2001, pursuant to 28 U.S.C. § 2254 (doc. 1). He asserts a violation of his Fourth Amendment rights (Id.). Respondent filed a return of writ on December 17, 2002 (doc. 6).

On October 1, 1999, Petitioner pled no contest to a charge of possession of a weapon while under disability under Ohio Rev. Code § 2923.13(A)(2) (docs. 1 & 6). The Hamilton County Court of Common Pleas sentenced him to sixty days home incarceration, two years of community control, and ordered him to obtain alcohol counseling (doc. 6). Petitioner appealed the trial court's denial of his motion to suppress on the same Fourth Amendment ground that he raises here (Id.). The Ohio Court of Appeals overruled the Fourth Amendment challenge and affirmed his conviction on May 24, 2000 (Id.). On October 4, 2000, the Ohio Supreme Court declined to

hear Petitioner's appeal (Id.). On January 2, 2002, the state trial court terminated Petitioner's community control nunc pro tunc to October 1, 2001 (Id.).

In a Report and Recommendation filed December 8, 2003, the Magistrate Judge, after a thorough review of the evidence, recommended that the Court deny Petitioner's writ (doc. 7). First, the Magistrate Judge found that this Court lacks jurisdiction to consider Petitioner's claims because Petitioner has not met the "in custody" prerequisite for habeas corpus jurisdiction under 28 U.S.C. § 2254 (Id.). Second, the Magistrate Judge found that Petitioner's Fourth Amendment claim is not cognizable on habeas corpus review (Id.). No objection has been filed regarding the Magistrate Judge's Report and Recommendations.

The Magistrate Judge correctly reasoned that Petitioner is no longer "in custody" for purposes of habeas corpus because he is not incarcerated and he is not subject to any severe and immediate restraint on his liberty. The Court therefore lacks jurisdiction over his claim. Moreover, the Magistrate Judge was correct that even if this Court did have jurisdiction over petitioner's habeas corpus action, Petitioner has already been afforded a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. Thus, the claim is not cognizable here.

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's Report and Recommendation is correct. Accordingly, the Court

hereby ADOPTS the Magistrate Judge's report (doc. 7), AFFIRMS the Magistrate Judge's recommended decision (*Id*.), and DENIES Petitioner's habeas corpus petition with prejudice. The Court further DECLINES to issue a certificate of appealability, as Petitioner's claim does not make a substantial showing of the denial of a constitutional right that is remediable in this proceeding. Finally, the Court CERTIFIES pursuant to Title 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith, and therefore DENIES Petitioner leave to appeal *in forma pauperis*. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

       SO ORDERED.

Date: January 27, 2004    /s/ S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge